IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROBERT ALAN WALLACE                                                    PLAINTIFF

vs.                                      Civil No. 1:15-cv-01059

CAROLYN COLVIN                                                         DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Robert Alan Wallace ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his application

for Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to

the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion

and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff's application for DIB was filed on July 18, 2012.  (Tr. 15, 132).  Plaintiff alleged

he was disabled due to damaged nerves and ligaments in his left hand, crushed vertebrae, and high

blood pressure.  (Tr. 153).  Plaintiff alleged an onset date of August 4, 2010.  (Tr. 15, 153).  This

application was denied initially and again upon reconsideration.  (Tr. 15).  Thereafter, Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages
for this case are referenced by the designation "Tr."

requested an administrative hearing on his application and this hearing request was granted.  (Tr. 83-84).

Plaintiff's administrative hearing was held on September 19, 2013.  (Tr. 28-70).  Plaintiff was present and was represented by counsel, Gary Davis, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was forty-six (46) years old and had a high school education.  (Tr. 32, 34).

On January 22, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 15-23).  In this decision, the ALJ determined the Plaintiff last met the insured status requirements of the Act on December 31, 2014.  (Tr. 17, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 4, 2010, his alleged onset date.  (Tr. 17, Finding 2).

The ALJ determined Plaintiff had the severe impairments of lumbar spine disorder and residual effects of a crush injury to his left hand.  (Tr. 17, Finding 3).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 18-22).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC for light work, however, reaching and handling is limited with his left hand, and can use it only as an assistive device;  must not be exposed to temperature extremes; must not be required to operate moving machinery or drive a motor vehicle; limited to work where complexity of tasks is learned and performed by rote; can understand, follow and remember concrete instructions; and

2

is limited to superficial contact with the public, supervisors, and coworkers. (Tr. 18, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ found Plaintiff was unable to perform his PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 22, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupations such as cafeteria attendant with 1,500 such jobs in Arkansas and 75,000 such jobs in the nation, surveillance system monitor with 800 such jobs in Arkansas and 9,000 such jobs in the nation, and cashier with 3,000 such jobs in Arkansas and 300,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from August 4, 2010, through the date of the decision. (Tr. 23, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 9). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-7). On September 1, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 1, 2015. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 12, 18. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing, (B) in the RFC determination, and (C) in his credibility analysis. ECF No. 12, Pgs. 3-20. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 18.

**A. Listings**

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included lumbar spine disorder and residual effects of a crush injury to his left hand. (Tr. 17, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment

set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

To begin with, although Plaintiff argues the ALJ erred by not finding his impairments met a Listing, he provides no argument in his briefing to what Listing he has met and fails to even state what specific Listing he allegedly meets.

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden. I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

## B. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir.

6

2001).   Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.   *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for light work, however, reaching and handling is limited with his left hand, and can use it only as an assistive device;  must not be exposed to temperature extremes; must not be required to operate moving machinery or drive a motor vehicle; limited to work where complexity of tasks is learned and performed by rote; can understand, follow and remember concrete instructions; and is limited to superficial contact with the public, supervisors, and coworkers.  (Tr. 18, Finding 5).  Plaintiff argues the ALJ erred in this RFC determination.  ECF No. 12, Pgs. 11-15.  However, substantial evidence supports the ALJ's RFC determination.

In reviewing Plaintiff's medical evidence of record, Plaintiff suffered a crush injury to his left hand on August 4, 2010.  (Tr. 685, 687).  Plaintiff underwent surgeries for his left hand crush injury in August 2010.  (Tr. 318-320).

On July 14, 2011, Dr. Reginald Rutherford indicated Plaintiff's Reflex Sympathetic Dystrophy ("RSD") was in remission.  (Tr. 398).  On August 11, 2011, Dr. Rutherford indicated a bone scan revealed resolution of RSD of the left upper extremity.  (Tr. 401).  On September 14, 2011, Dr. Michael Moore performed a left index finger metacarpal derotational osteotomy.  (Tr. 421, 434).  On November 29, 2011, Plaintiff was seen for follow-up by Dr. Moore.  (Tr. 416).  Dr. Moore anticipated Plaintiff reaching maximum medical improvement when his progress in therapy finished. *Id.*  Dr. Moore indicated Plaintiff could perform light duty work, but could not perform pushing, pulling, lifting or gripping greater than ten pounds with his left hand.  *Id.*

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. The ALJ, in the RFC determination, limited Plaintiff to using his left hand as an assistive device only and reaching and handling was limited with his left hand. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. ALJ's Credibility Determination

Plaintiff claims the ALJ erred in his credibility determination. ECF No. 12, Pgs. 15-20. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski.* ECF No. 18.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

8

acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing his credibility as it related to the limiting effects of his impairments and did not fully consider his subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 20-21). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living inconsistent with the record, (3) No persuasive evidence of medication side effects, (4) No physician

has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (5) No aggressive medical treatment, and (6) Plaintiff's medication use. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **18th day of July 2016.**


/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE